61 F.Supp. 428 (1945)
BOWLES, Price Administrator,
v.
ALBERT GLAUSER, Inc.
No. 3703.
District Court, E. D. Missouri, E. D.
July 21, 1945.
*429 George L. Robertson, of St. Louis, Mo., for plaintiff.
Donald Gunn, of St. Louis, Mo., for defendant.
HULEN, District Judge.
This matter is before the Court on motion for a temporary injunction.
The plaintiff offered evidence showing payment by defendant to producers of $2364 for cattle, which sum was in excess of the amount permitted by Maximum Price Regulation No. 574. This sum represented an over-payment on 2070 cattle, weighing 3,000,112 pounds, for which defendant paid $332,584. Spreading the excess payment over the total purchase during the period involved, which was from April 30, 1945, to June 2, 1945, the excess would represent approximately seven-tenths of one per cent of the total purchase price, or about $1.12 on each head of cattle purchased. The price which defendant may pay producers for live cattle under maximum Price Regulation Number 574 is based upon grades. Two grades are here involved, "good" and "commercial." During the period in question, the maximum price on grade "good" was $15.65 per cwt. On "commercial" it was $12.90 per cwt.
It is the declared public policy of the Government to maintain public stockyards. Title 7 U.S.C.A., § 181 et seq. Governmental supervision of public stockyards has for one of its prime purposes the maintenance of open and free competition among buyers, aided by the sellers' representatives. Such a system results in payment of the highest market price for the producers' product that such an arrangement can effect, not exceeding, however, the maximum price set by Government order. Experienced buyers must determine the grade of cattle at the time of bid and prior to purchase. This can be done by experienced buyers, except on occasional border-line cases. The exact grade of all cattle can only be determined after purchase and slaughter of the animal and grading by government inspectors. Most animals present no difficulty as to determining grades. Other animals approach the borderline and present a problem to the buyer to determine their grade at the time of purchase. Seller or producer is trying to get the highest market price for cattle being sold by him permissible under the law. Owing to the shortage in the present cattle market, competition by the buyers has been intensified. Under the circumstances prevailing, there is bound to be created a condition where sales approach close to the maximum price. No one has suggested that the producer's price should be cut below the maximum price a certain amount to insure no over payment, or that competitive sales should be eliminated. The seller is entitled to the benefit of competitive bidding within the limits of the maximum price set. For this Court to make a ruling that would compel the bidders or packers to confine their bidding on cattle to a figure  any figure  less than the maximum price as fixed by the regulation in order for the packers certainly and absolutely to comply with the Court order, as suggested in plaintiff's brief, is tantamount to this Court, for all practical purposes, and results in fact, in this Court's making a new and reduced maximum price for sale of live stock, over which bidders shall not go in purchasing cattle lest they be punished for contempt. This Court has no power to establish ceiling prices, either directly or indirectly. It should refrain from knowingly making a ruling that produces that result, or tends to produce that result. It should strive to effectuate compliance with the law and its purposes, not tie it in legal tangles and create contradictions that make law violators out of the innocent and those who strive in good faith to comply with the law. We do not charge or infer that plaintiff has any such purpose. However, counsel present their case; responsibility for the decision *430 is with the Court. What concerns this Court on granting injunctive relief is the absence of evidence showing an intentional violation of the price regulations. On the record defendant's conduct could have been a good faith effort to comply with the law. Experience in operating under the regulation has no doubt informed defendant by now how far it can go in bidding and keep within the maximum price regulations. That in some cases there may be occasional slight excesses in payment, resulting from competitive sale and purchase of borderline grades seems to have been anticipated, even though there be a good faith effort by the packer to comply with the law. Any excess payment over Maximum Price Regulation No. 574 is immediately refunded to the Government  at a loss to the packer  and no one else. Unless the excess payment in this case was confined to a small number of purchasers, an over-payment of $2364 in the purchase of $332,584.00 worth of live cattle would not, in and of itself, impress this Court as justifying the granting of a preliminary injunction. This was the evidence plaintiff offered. How the excess was accumulated has not been shown. The burden of proof is on the plaintiff.
The defendant purchaser was penalized by the Government for the full and exact amount of the excess payment by having the sum deducted from its "Packers' Subsidy." The excess payment cannot result in any excess sale price for the meat involved, as the sale price of the meat is fixed regardless of the purchase price to the packer. That the packer alone pays to the Government the amount of the excess purchase price, should be a sufficient compulsion to cause the purchaser to confine his paying price within the maximum price allowed by law while meeting competition from other buyers operating under the same regulation.
Of course we do not dismiss this case at this time. We do not hold that injunctive relief is not obtainable in this type of case. Plaintiff is at liberty to apply again for relief prior to trial of the case if facts present themselves justifying such action. This Court is of the opinion that a record to justify injunctive relief under the particular laws and regulations governing the purchase, slaughter and sale of live stock, should include a showing either of intentional violation of the regulation, or careless and reckless disregard of the regulation, or facts from which such a conclusion could reasonably be inferred, and that there is probable cause to find there will be a reoccurrence of the violation, thereby overcoming any presumption or claim that the action of the defendant was in good faith and that he has used his best efforts to comply with the regulations. No such facts have been presented in this case. Let the parties submit findings of fact and conclusions of law in accord herewith.
Motion of plaintiff for preliminary injunction overruled.